IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DOUGLAS ANTHONY TATE,** | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 18-00056-KD-B |
| **SHELDON A. DAY,** *et. al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

Plaintiff Douglas Anthony Tate, an Alabama prison inmate proceeding pro se, filed on February 6, 2018, a self-styled complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). This case, which was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. ALA. GenLR 72(a)(R), is before the Court due to Plaintiff's failure to pay the filing fee or file a motion to proceed without prepayment of fees, as directed.

When Tate filed this action, he did not include the statutory filing fee or a motion to proceed without prepayment of fees. As a result, the Court, in an order dated March 14, 2018, directed Tate to pay the statutory filing fee or file a motion to proceed without prepayment of fees by April 13, 2018. (Doc. 3). Tate was provided with the appropriate form for a motion to proceed without prepayment of fees, and was cautioned that failure to timely comply with the Court's directive would result in the dismissal of this action.

(Id.).

A review of the docket reflects that Tate has failed to pay the statutory filing fee or file a motion to proceed without prepayment of fees, in compliance with the Court's directive. Further, Tate's copy of the Court's order dated March 14, 2018 (doc. 3), has not been returned to the Court.

Due to Tate's failure to comply with the Court's order and prosecute this action by paying the statutory filing fee or filing a motion to proceed without prepayment of fees, and upon consideration of the alternatives available to the Court, the undersigned recommends that this action be dismissed without prejudice through the Court's inherent power. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F. 2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S. Ct. 1145, 107 L. Ed. 2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F. 2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F. 2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F. 2d 1457, 1458 (11th Cir. 1983); accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to

manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F. 2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

If Tate disputes the Court's finding of failure to pay the statutory filing fee or file a motion to proceed without prepayment of fees and desires to proceed with the litigation of his action, he shall set forth in an objection to the report and recommendation the reasons for his failure to pay the filing fee and failure to file a motion to proceed without prepayment of fees.  Wilson, 414 F.3d at 1320 (citing to Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee)).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P. 72(b)**; S.D. ALA. GenLR 72(c). The parties should note that under

Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **20th** day of **April, 2018.**

                                                     **/S/SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**